IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CECIL LUMONT BRADFORD, | ) | |
| ID # 31163-177, | ) | |
| Movant, | ) | No. 3:05-CV-0667-D (BH) |
| vs. | ) | No. 3:03-CR-0280-D |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Referred to U.S. Magistrate Judge |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of Reference dated April 16, 2009, before the Court is movant's April 13, 2009 *Motion to Re-open Pursuant to 28 U.S.C. Rule 60(b)(5) and (6)* for hearing, if necessary, and for recommendation.

**I. BACKGROUND**

Movant was charged with possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He signed an agreement to plead guilty to those two charges and a factual resume admitting facts sufficient to support a conviction. On September 30, 2003, movant appeared before the Court for rearraignment and entered a plea of guilty to the two counts against him.

The Court conducted a sentencing hearing during which it considered movant's objections to the pre-sentence report, including the objection that a prior felony conviction for escape should not subject him to a sentence enhancement as a career offender. In April 2004, the Court entered judgment on movant's plea, sentenced him to 170 months imprisonment on Count 1 and 120 months on Count 2, and ordered the sentences to run concurrently. Movant filed no appeal.

On or about April 6, 2005, movant filed a *pro se* motion to vacate pursuant to 28 U.S.C. § 2255 raising four claims: (1) the Court sentenced him above the "statutory maximum" in violation

of *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004); (2) the Court erroneously sentenced him to 120 months on the gun charge after it had orally indicated that it would sentence him in the "midpoint" of the range of punishment; (3) the Court erroneously enhanced his sentence as a career offender under USSG § 4B1.1; and (4) he was denied the effective assistance of counsel at sentencing. The Court denied the motion on September 11, 2007.

On January 13, 2009, the Supreme Court decided *Chambers v. United States*, 129 S. Ct. 687 (2009), and held that an Illinois failure-to-report offense is not a violent felony. 129 S. Ct. at 693. Petitioner subsequently filed his motion to re-open pursuant to Fed. R. Civ. P. 60(b)(5) and (6) based on *Chambers*.

## II.  RULE 60(b)

Pursuant to Fed. R. Civ. P. 60(b)(5) and (6), movant asks the Court to re-open this action based upon a recent decision of the Supreme Court.

When a motion merely challenges the failure to reach the merits of the habeas petition, the motion is properly filed pursuant to Rule 60(b). *See Gonzalez v. Crosby*, 545 U.S. 524, 538 (2005) (holding that "a Rule 60(b)(6) motion in a § 2254 case is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction" and noting that "[a] motion that . . . challenges only the District Court's failure to reach the merits does not warrant such treatment"). *Gonzalez* applies with equal force in the § 2255 context. *See United States v. Bain*, No. 07-31162, 2009 WL 320702, at *2 (5th Cir. Feb. 10, 2009); *United States v. Williams*, 274 Fed. App'x 346, 347 (5th Cir. 2008). Consequently, a Rule 60(b) motion in a § 2255 action is properly treated as a successive 2255 motion if it asserts, or reasserts, claims of error in the

movant's federal conviction. *See* 545 U.S. at 538. The Fifth Circuit has also ruled that federal courts may treat a purported Rule 60(b) motion as a motion to vacate filed under § 2255 when "the motion actually attacks the validity of [the movant's] conviction." *See United States v. Rich*, 141 F.3d 550, 551 (5th Cir. 1998) (movant reasserted his § 2255 claims in his Rule 60(b) motion but added an argument that a recent Supreme Court case had changed the law). Under *Gonzalez*, such a Rule 60(b) motion is properly construed as a successive § 2255 motion. *See* 545 U.S. at 531, 538.

Movant asserts that a recent Supreme Court case impacts the resolution of his § 2255 claim concerning his enhanced sentence as a career offender. His Rule 60(b) motion is properly construed as a successive motion to vacate filed pursuant to § 2255 that requires precertification by the Fifth Circuit before this Court reviews it.[1]

### III. RECOMMENDATION

Movant's April 13, 2009 *Motion to Re-open Pursuant to 28 U.S.C. Rule 60(b)(5) and (6)* should be **CONSTRUED** as a successive motion to vacate filed pursuant to 28 U.S.C. § 2255. The Clerk of the Court should be directed to open a new civil action for administrative purposes only; file the instant motion in that action as a § 2255 motion filed April 13, 2009, and without further

---

[1] Before this Court can consider a successive motion to vacate, the defendant must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Upon proper motion filed with the court of appeals, a three-judge appellate panel will determine whether this Court should consider a successive motion to vacate. *Id.* § 2244(b)(3)(B). The panel will authorize the filing of a second or successive motion only upon a *prima facie* showing that the motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *See id.* §§ 2244(b)(3)(C), 2255. Defendant has not obtained authorization from the Fifth Circuit to file a successive motion to vacate in this Court. In the absence of such authorization, this Court has no jurisdiction over the instant motion to vacate. Notably, under *Gonzalez*, even the mixture of proper assertions under Rule 60(b), such as fraud on the court, and the assertion or reassertion of claims of error related to the federal conviction makes the Rule 60(b) motion a successive 2255 motion that requires precertification by the Fifth Circuit before the Court may rule upon it. *See Gonzalez*, 545 U.S. at 538 (holding that, unless the Rule 60(b) motion "challenges only the District Court's failure to reach the merits" of the underlying motion to vacate, the Rule 60(b) motion is a successive motion to vacate that requires precertification by the court of appeals).

judicial action, immediately transfer the new § 2255 action to the United States Court of Appeals for the Fifth Circuit pursuant to *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002) and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) as a successive motion to vacate. For purposes of continuity, the Clerk should directly assign the new civil case to the same District Judge and Magistrate Judge as in Cause No. 3:05-CV-0667-D.

**SIGNED this 7th day of May, 2009.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE